IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TIFFANY ROBINS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:24-cv-1210-O-BP |
| § | |
| BAYLOR SCOTT & WHITE, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDING, CONCLUSION, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Transfer Venue and Brief in Support that Defendant Frisco Police Department ("Frisco PD") filed on March 28, 2025 (ECF No. 13); Frisco PD's Motion to Dismiss filed on the same day (ECF No. 15); Defendant Baylor Scott & White Health's ("BSWH") Motion to Dismiss filed on April 3, 2025 (ECF No. 17); and Frisco PD's Motion to Transfer Venue resubmitted with all pages attached (ECF No. 26). The case was referred to the undersigned pursuant to Special Order No. 3 on December 9, 2024. ECF No. 5. Because it does not appear that the Court has subject-matter jurisdiction over this case, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendants' Motions to Dismiss (ECF Nos. 15, 17), **DISMISS** Robins's claims against BSWH and Frisco PD **without prejudice** for lack of subject-matter jurisdiction, **DISMISS** Robins's claims against Turning Point (Non Profit) ("TP") **without prejudice** under Federal Rule of Civil Procedure 4(m), and **DENY as moot** Frisco PD's Motions to Transfer Venue (ECF Nos. 13, 26).

I. **BACKGROUND**

On December 9, 2024, *pro se* Plaintiff Tiffany Robins ("Robins") filed a complaint against BSWH, TP, and Frisco PD following an incident involving Robins. ECF No. 1. Robins's brief

complaint details her claims against each individual defendant. Against BSWH, Robins alleges that it "[d]enied med recs (said [she] need[ed] subpoena); went [there because] [she] was … assaulted; they prescribed chemo medicine for assault, which made [her] sick; neve[r] received MRI results." *Id*. Robins alleges that TP "[p]rovided … test and never got results (D.N.A.); [t]hey informed [her] that working for grant money." *Id*. Finally, against Frisco PD Robins alleges that "[she] never received results from being … assaulted; [t]he detective [canceled] [her] case; [l]oss of wages." *Id*.

In its revised Motion to Transfer Venue, Frisco PD argues that "Plaintiff's claims arise out [of] an alleged incident apparently investigated by [Frisco PD], and thus, necessarily occurring in Collin County, Texas," which is located in the Eastern District of Texas, Sherman Division. ECF No. 26 at 2. Additionally, and alternatively, Frisco PD moves for dismissal because "[Frisco PD] lacks jural existence and cannot be a proper party to this lawsuit." ECF No. 15 at 3.

In its Motion to Dismiss, BSWH argues that the Court should dismiss Robins's claims for lack of subject-matter jurisdiction and for failure to state a claim, and alternatively moves for a more definite statement under Federal Rule of Civil Procedure 12(e). ECF No. 17 at 3-6.

Robins has not provided proof that she properly served TP, and TP has not appeared in this case. Robins has not filed a response to any of the pending motions or to the Court's order for her to show cause why it should not dismiss her claims against TP under Rule 4(m) for failure to timely serve process.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume

that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). Likewise, "subject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919.

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331-1332. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Dismissal for lack of subject-matter jurisdiction should be without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

### III.    ANALYSIS

    **A.    The Court lacks subject-matter jurisdiction over Robins's Complaint.**

Robins's complaint does not state facts that demonstrate the Court's diversity jurisdiction because she does not allege that she and the defendants are citizens of different states. The Complaint lists a Granbury, Texas, address for Robins, and she later changed her address to one in Fort Worth, Texas. ECF Nos. 1, 10. Accordingly, it is likely that she is a Texas citizen. Although Robins's pleadings do not provide an address for BSWH, Frisco PD, or TP, the Civil Cover Sheet reflects that both Robins and the defendants are citizens of Texas, and that a defendant is incorporated or has its principal place of business here. ECF No. 1 at 3. Robins states that BSWH's county of residence is Collin County, Texas. *Id*. Since both Plaintiff and Defendants appear to be citizens of Texas, there is no diversity of citizenship jurisdiction because the parties are citizens of the same state.

Robins's Complaint also does not state facts to demonstrate the Court's federal question jurisdiction because it does not implicate any matter of federal law. The Complaint alleges only "civil rights," but does not state any facts to support a claim under federal law. ECF No. 1 at 3. Against BSWH, Robins alleges that she was given medication that made her sick and that she never received her medical records and MRI results. ECF No. 1. As BSWH argues in its Motion, to the extent that Robins is bringing a medical malpractice claim, neither negligent medical care nor medical malpractice rises to the level of a constitutional violation. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Further, to the extent that Robins alleges a violation under the Health Insurance Portability and Accountability Act ("HIPAA"), "[t]here is no express or implied private cause of action under HIPAA, and therefore no federal subject matter jurisdiction over any HIPAA claims." *Brackens v. Dall. Indep. Sch. Dist.*, No. 3:09-cv-0642-D, 2010 WL 5464823 (N.D. Tex. Sept. 20, 2010), *rec. adopted*, No. 3:09-cv-0642-D, 2010 WL 5485886 (N.D. Tex. Dec. 30, 2010)

(citing *Acara v. Banks,* 470 F.3d 569, 572 (5th Cir. 2006)). Thus, Robins asserts no claims implicating federal law against BSWH.

Against Frisco PD Robins claims that she never received "results" from being assaulted and the Detective canceled her case. ECF No. 1. Against TP, she claims that she never got results from her test following the assault. *Id*. These claims do not arise under federal law or state any basis for the Court to assert federal question jurisdiction.

Even liberally construing Robins's Complaint, the Court cannot conclude that Robins has stated a plausible set of facts that would show a violation of any federal law. Under these circumstances, subject-matter jurisdiction is lacking under either 28 U.S.C. § 1331 or § 1332. Judge O'Connor should dismiss the Complaint without prejudice to Robins's right to pursue her claims in the appropriate state court. The undersigned does not address the Rule 12(b)(6) aspect of BSWH or Frisco PD's Motions to Dismiss, as the Court lacks subject-matter jurisdiction. *See Ramming*, 281 F.3d at 161.

**B.  The Court should dismiss Robins's claims against TP for failure to serve.**

Dismissal without prejudice of Robins's claims against TP is appropriate because she did not timely serve it with the Summons and Citation. A plaintiff has ninety days to serve a defendant with the summons and copy of the complaint after she files her complaint. Fed. R. Civ. P. 4(m). If the plaintiff fails to serve the defendant in a timely fashion, the Court may dismiss the action without prejudice against the unserved defendant. *Id*. The file does not reflect that Robins served TP with the summons and a copy of the complaint at any time.

Rule 4(m) provides that dismissal for failure to timely serve should be without prejudice and only with notice to the plaintiff. *Id*. Here, the Court ordered Robins to show cause why her case should not be dismissed for failure to perfect service upon TP, and she ultimately filed a document showing that she personally mailed to summons to TP by United States Postal Service

5

Priority Mail. *See* ECF Nos. 21, 22. The Court then issued an Order warning Robins that self-service is improper and *sua sponte* granting an extension of time to properly serve TP. ECF No. 24. Robins never showed cause why she did not properly serve TP, filed proof of properly serving it, or sought an extension of time to serve it. Under these circumstances, Judge O'Connor should dismiss Robins's claims against TP without prejudice under Rule 4(m).

### C. The Court should deny Frisco PD's Motion to Transfer Venue as moot.

Because the Court lacks subject-matter jurisdiction over Robins's claims, the Court should deny Frisco PD's Motions to Transfer Venue as moot.

### D. The Court should dismiss Robins's Complaint against BSWH and Frisco PD with leave to amend it.

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Frias v. Hernandez,* No. 3:23-cv-0550-D, 2023 WL 7311193, at *4 (N.D. Tex. Nov. 6, 2023) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Because Robins has not stated that she cannot, or is unwilling to, state facts to show that the Court has subject-matter jurisdiction in this case, the undersigned recommends that Judge O'Connor grant her fourteen (14) days from the date he rules on this Findings, Conclusions, and Recommendation to file an amended complaint that state facts showing that the Court has subject-matter jurisdiction over her claims against Frisco PD and BSWH. *Frias*, 2023 WL 7311193, at *4.

### IV. CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants' Motions to Dismiss (ECF Nos. 15, 17), **DISMISS** Robins's claims against BSWH and Frisco PD **without prejudice** for lack of subject-matter jurisdiction, **DISMISS** Robins's

claims against TP **without prejudice** under Federal Rule of Civil Procedure 4(m), and **DENY as moot** Frisco PD's Motions to Transfer Venue (ECF Nos. 13, 26). Judge O'Connor should **GRANT** Robins leave to file an amended complaint against BSWH and Frisco PD stating facts showing that the Court has subject-matter jurisdiction on or before fourteen (14) days after Judge O'Connor rules on this Findings, Conclusions, and Recommendation or such other time as he sets.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on July 1, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE